# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **JOSE LUIS ORTIZ-HERNANDEZ,**  Defendant. | CASE NO: CR03-183-S-EJL  **MEMORANDUM ORDER** |

Pursuant to United States v. Booker, 125 S. Ct. 738, 769 (2005) and United States v. Ameline, 409 F.3d 1073, 1084-85 (9th Cir. 2005) (en banc), the Ninth Circuit remanded this case to allow the Court to consider whether it would impose the same sentence had the sentencing guidelines been advisory rather than mandatory at the time of the original sentencing. (Dkt. No. 23). The Defendant subsequently filed a Motion for Resentencing (Dkt. Nos. 25, 26) and the United States filed a response to the motion (Dkt. No. 29). No reply brief was filed by the Defendant.

For the reasons set forth below, the Court has determined that it would not have imposed a materially different sentence under advisory guidelines. Thus, Defendant's original sentence stands, subject to appellate review based on the Booker reasonableness standard. See Ameline, 409 F.3d at 1074-75; 1085.

## BACKGROUND

Defendant Jose Luis Ortiz-Hernandez pled guilty to Illegal Reentry, in violation of 18 U.S.C. § 1326(a). The Court sentenced Mr. Ortiz to 46 months imprisonment to be followed by 3 years supervised release and $100 special assessment fee and eighty-hours of community service.

(Docket No. 16).  At the sentencing hearing, the Defendant raised several objections to the presentence report and argued that the criminal history was overstated.  The Court denied the objections and adopted the Presentence Investigation Report.  The Defendant filed a direct appeal and the Ninth Circuit remanded the sentence for further proceedings consistent with Ameline.  In accordance with the procedures set forth in Ameline, the Court provided Defendant with an opportunity to opt out of resentencing and sought briefs from counsel regarding whether or not the sentence should be materially different. The Defendant has filed a notice of intent to seek resentencing and the parties have briefed the issue.

## APPLICABLE LAW AND DISCUSSION

Ameline instructs that if a district court judge determines that the sentence imposed would not have differed materially under an advisory guideline scheme, the judge "should place on the record a decision not to resentence, with an appropriate explanation." Id. at 1085.  The Court is also mindful that the Ninth Circuit recently ruled that the Guidelines calculation is simply one factor to be considered when selecting the most appropriate sentence for a particular defendant. United States v. Zavala, ___ F.3d ___, 2006 WL 914528 (9th Cir. 2006).  Accordingly, the Court will consider all of the factors enumerated in 18 U.S.C. § 3553(a)[1] in order to determine whether the sentence in this case would have differed materially under an advisory Guidelines scheme where the Guidelines are but one factor to be considered by the Court.  In making its determination on remand here, the Court has again examined Presentence Report and Addendum prepared for the original sentencing; Defendant's Objections to Presentence Investigator's Report; the Government's § 5K1.1 motion, the transcript of the original sentencing hearing, the briefs of the parties, and

---

[1] The § 3553(a) factors may be summarized as:  nature and circumstances of the offense; history and characteristics of the defendant; need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; need for adequate deterrence; need to protect the public; need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; kinds of sentences available; kinds of sentences and sentencing range established by the Guidelines; Sentencing Commission policy statements; need to avoid sentencing disparities; and the need for restitution.

MEMORANDUM ORDER-Page 2
06ORDERS\ORTIZ-HERNANDEZ.WPD

Booker and Ameline.

In his brief, Defendant contends that he should be resentenced as the Court could have imposed a reasonable sentence below the suggested guidelines range had the guidelines been advisory in light of the "minor nature" of a majority of his prior convictions and given the characteristics of the Defendant considering the sentencing factors. The presentence report calculated the Defendant had ten criminal history points resulting in a criminal history category V. The resulting guideline range was 46 to 57 months. The defense asked the Court to depart from a criminal history of V to a III pursuant to § 4A1.3 given the minor nature of many of the prior offenses which were driving offenses; arguing that such violations do not evidence the Defendant's propensity to commit future crimes. The Defendant points out that this Court imposed a sentence at the low end of the guideline range in light of the fact that the prior offense were minor and argues that had the Court not been bound by the strict standards of the guidelines it would have sentenced him lower than the 46 months. A further basis for a lower sentence, he argues, is to the Court's ability to consider the savings his consent to deportation will provide to the government. Finally, the Defendant provides additional information to the Court regarding his circumstances for returning, his need to work to provide for his family, and the progress he has made while in custody since his sentence.

Having reviewed the record herein, the Court concludes that the sentence imposed is appropriate and necessary given the Court's desire to impose a sentence that reflects the nature, circumstances, and seriousness of this offense. Though the Defendant's criminal history involved several "minor" crimes, at sentencing the Court noted that they were "serious matters" and "not taken lightly." (Transcript, p. 16). Thus, while the Court determined that the nature of the prior convictions were a factor warranting the low-end of the guideline range, having reviewed the presentence report and considering the sentencing factors the Court concludes that the 46 month sentence is reasonable sentence in this case even considering the nature of the prior offenses.

Additionally, the Court specifically addressed whether any benefit from the Defendant's willingness to consent to deportation should result in a lower sentence and concluded that such consent was not a basis for a lesser sentence. (Transcript, p. 17). Further, the circumstances of Defendant's particular case and his conduct since his incarceration do not change the Court's view of the reasonableness of the 46 month sentence. Accordingly, the Court adopts the Presentence Investigation Report and the Addendum as well as the Court's rulings at the sentencing hearing as a basis for denying Defendant's argument. The Court further finds that in considering all of the sentencing factors set forth in 18 U.S.C. § 3553(a), the Defendant's sentence would not have been materially different under advisory guidelines and the motion should be denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Resentencing (Dkt. No. 25) is **DENIED**.

IT IS FURTHER ORDERED that the sentence imposed on January 22, 2004 would not have been materially different under advisory guidelines. Therefore, the original sentence stands, subject to appellate review based on the reasonableness standard established in Booker.

IT IS FURTHER ORDERED that the hearing date of October 16, 2006 is **VACATED**.

DATED: **September 14, 2006**

Honorable Edward J. Lodge
U. S. District Judge